IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK TULLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-107-GPM-DGW |
| ) | |
| ANTHONY A. DOZIER, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are a Motion for Discovery (Doc. 15), a Motion for Appointment of Counsel (Doc. 16), and a Motion for Leave to File an Amended Complaint (Doc. 17).  For the reasons set forth below, these motions are **DENIED without prejudice**.

**MOTION FOR DISCOVERY**

Plaintiff Tullis asks Defendants to provide documents from internal affairs investigations, adjustment committee reports, and grievances.  These requests are premature.  Defendants have not been served process; they have not filed responsive pleadings.  The Clerk sent out requests for waivers of service on August 24, 2012, but responses are not due until September 24, 2012.  Until Defendants have been served and filed responsive pleadings, there are no parties from whom Plaintiff may seek discovery under the Federal Rules of Civil Procedure.  If Plaintiff has difficulty obtaining necessary documents from Defendants after discovery has begun, he may contact the Court at that time.  Until then, the motion is **DENIED without prejudice**.

**MOTION FOR APPOINTMENT OF COUNSEL**

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Appointment of counsel lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to appoint counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

In analyzing whether a plaintiff is competent to litigate a case himself, the Court should consider the complexity of the case, and make a determination that is "particularized to the person and the case before the Court." *Santiago v. Walls*, 599 F.3d 749, 762 (7th Cir. 2010) (quoting *Pruitt*, 503 F.3d at 656). The Court is to look at a plaintiff's "literacy, communication skills, educational level, and litigation experience." *Santiago*, 599 F.3d at 762 (quoting *Pruitt*, 503 F.3d at 655). The Seventh Circuit cautions district courts to use "significant prudence" in assessing a plaintiff's ability to represent himself. *Id.*

Plaintiff Tullis has met the threshold burden of demonstrating he has made a reasonable

attempt to obtain counsel on his own before seeking appointment from the Court. He includes with his motion three letters from attorneys declining to represent him in this matter. Although Tullis has met his initial burden, the Court believes appointment of counsel is premature. As noted above, no defendant has been served, and no defendant has filed a responsive pleading. Until Defendants have answered and raised affirmative defenses, and the Court has issued its initial scheduling orders, appointment of counsel is not warranted. If, after Defendants have been served and have answered the complaint, Tullis experiences difficulty conducting discovery, or otherwise prosecuting the case, he may seek appointment of counsel again at such time. The Court also leaves open the possibility of revisiting the issue on its own motion. For now, however, the Motion to Appoint Counsel (Doc. 16) is **DENIED without prejudice**.

### MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Finally, Plaintiff informs the Court that since he filed the original complaint he has continued to experience retaliation. He seeks to amend the complaint to add a party. Under SDIL-LR 15.1, a party seeking to amend a pleading must provide a proposed amended pleading for the Court's review. Plaintiff did not provide the Court with an amended complaint that includes all claims against all defendants. He must do so before the Court will consider whether it will grant leave to file an amended complaint. Accordingly, the Motion for Leave to File an Amended Complaint (Doc. 17) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

**DATED: September 7, 2012**

DONALD G. WILKERSON
United States Magistrate Judge