IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK TULLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-107-GPM-DGW |
| ) | |
| ALLAN E. MARTIN, and RICK PEARL, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Now pending before the Court are Second Motion to Appoint Counsel filed by Plaintiff, Patrick Tullis, on January 3, 2013 (Doc. 37), the Second Motion for Discovery filed by Plaintiff on January 3, 2013 (Doc. 38), the Motion to Stay Discovery filed by Defendants Allan E. Martin and Rick Pearl, on February 1, 2013 (Doc. 40) and the Motion for Summary Judgment filed by Defendant Allan E. Martin on February 1, 2013.   For the reasons set forth below the Motion to Appoint Counsel (which is construed as a Motion to Recruit Counsel) is **DENIED WITHOUT PREJUDICE**, The Motion for Discovery is **DENIED**, the Motion to Stay Discovery is **GRANTED**, and the Motion for Summary Judgment is **TAKEN UNDER ADVISEMENT**.[1]

**Motion to Recruit Counsel**

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007).   However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel."   Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so).

---

[1] Defendant Rick Pearl also has filed a Motion to Dismiss (Doc. 27) which will be addressed in a Report and Recommendation to be issued.

*Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656.

Plaintiff states that he has contacted the Uptown People's Law Center, the ACLU, and the People's Law Office seeking representation. The Court finds that this is not a reasonable attempt to secure counsel without Court intervention. Plaintiff is **DIRECTED** to contact at least three (3) attorneys (and not merely legal organizations) and request representation. Plaintiff is further instructed that in any future motion for recruitment of counsel, he shall submit the letter that he mailed to the attorneys and any response he receives. Plaintiff is cautioned that it is insufficient to contact legal organizations but that he must contact individual attorneys or law firms. Any subsequent motion for the recruitment of counsel shall be made on the form attached to this Order.

**Discovery Motions and Motion for Summary Judgment**

No discovery in this case shall commence until the Court has resolve Defendant's affirmative defense of failure to exhaust. To that end, the following is hereby **ORDERED**:

    A. Defendant shall serve upon Plaintiff copies of all documents relevant to the issue of exhaustion (to the extent that he has not already done so).

    B. In responding to the motion, Plaintiff shall serve upon Defendant copies of all documents in his possession relevant to the issue of exhaustion (to the extent that he has not already done so).

    C. The parties should not conduct discovery on the merits until the question of whether a

plaintiff has exhausted his administrative remedies within the meaning of the Prison Litigation Reform Act has been resolved. *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

D. A hearing on the issue of exhaustion, pursuant to *Pavey v. Conley*, is hereby set for **March 20, 2013 at 1:30 p.m.** in the East St. Louis Federal Courthouse. Plaintiff shall participate by videoconference. Defendant shall appear in person.

E. The undersigned will make a written Report and Recommendation to the presiding United States District Judge recommending a factual determination on the exhaustion issue based on the evidence adduced at the hearing.

## Conclusion

For the foregoing reasons, the Second Motion to Appoint Counsel filed by Plaintiff, Patrick Tullis, on January 3, 2013 (Doc. 37) is **DENIED WITHOUT PREJUDICE**, the Second Motion for Discovery filed by Plaintiff on January 3, 2013 (Doc. 38) is **DENIED,** the Motion to Stay Discovery filed by Defendants Allan E. Martin and Rick Pearl, on February 1, 2013 (Doc. 40) is **GRANTED,** and the Motion for Summary Judgment filed by Defendant Allan E. Martin on February 1, 2013 is **TAKEN UNDER ADVISEMENT**. A *Pavey* Hearing is set for **March 20, 2013 at 1:30 p.m.** The Clerk of Court is **DIRECTED** to mail to the Plaintiff, in addition to this Order, a copy of the form Motion for Recruitment of Counsel.

**IT IS SO ORDERED.**

DATED: March 4, 2013

          **DONALD G. WILKERSON**
          **United States Magistrate Judge**