IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK TULLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-107-GPM-DGW |
| ) | |
| ALLAN E. MARTIN and RICK PEARL, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

On March 20, 2013, this Court conducted a *Pavey* hearing in which Defendant Martin appeared by counsel Robert Rottach and Plaintiff appeared by videoconference. The parties made argument regarding Defendant's affirmative defense that Plaintiff failed to exhaust his administrative remedies with respect to his claims of retaliation against Defendant Martin. Both parties agreed that the grievances at issue in this matter are dated April 19, 2011 and November 17, 2011.

Plaintiff represented that he submitted the April 19, 2011 to his counselor, Scott Ryan, shortly after it was returned to him by the ARB. Plaintiff further indicated that counselor Ryan failed to give a response and that, when Ryan was transferred to a different position, his replacement, Mike Motsinger, indicated that there was no record of the grievance having been submitted. Plaintiff further indicated that counselor Motsinger told him to resubmit the grievance and that when the Plaintiff attempted to turn in this re-written grievance, counsel Motsinger refused to accept it because it was out of time. Plaintiff was subsequently moved from Unit 1 at the Shawnee Correctional Center to Unit 2 where his new counselor was Kendra Seip. Plaintiff states that he submitted the November 17, 2011 grievance to Counselor Seip but that she refused to

accept it because it was submitted out of time.

In light of Plaintiff's representations, the following is hereby **ORDERED:**

1. Defendant shall provide to the Court evidence of Counselor Ryan's, Motsinger's, and Seip's work assignments during 2011 (i.e. to what Unit they were assigned, their capacity/job title, and the dates on which their job titles/assignments may have changed). In particular, Defendant shall provide evidence, whether in the form of an affidavit or work records, of whether they were Plaintiff's assigned counselors and in what particular Unit they were assigned in 2011.

2. Defendant shall further provide information on where Plaintiff was housed in 2011, when he was moved to Unit 2, and any other information that would be relevant to the question of whom Plaintiff would submit his grievances.

3. Defendant shall provide this information by **April 19, 2013**.

**DATED: March 25, 2013**

> **s/ Donald G. Wilkerson**
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**

2