IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK TULLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 12-107-GPM |
| | ) |
| ANOTHONY A. DOZIER, ALLAN E. | ) |
| MARTIN, and RICK PEARL, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

  This matter is before the court on Defendant Rick Pearl's motion to dismiss (Doc. 27). Plaintiff is currently incarcerated at Pickneyville Correctional Center. Plaintiff filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights while he was incarcerated at Shawnee Correctional Center (Doc. 11). Specifically, Plaintiff claims that Defendant retaliated against him for filing grievances by issuing a false disciplinary report accusing Plaintiff of being involved in a fight with another inmate (Doc. 11). Plaintiff is seeking monetary damages and restoration of the thirty days of good conduct credit that he lost as a result of the disciplinary proceedings against him (Doc. 1). In his motion to dismiss, Defendant argues that Plaintiff's § 1983 claim for retaliation is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), because a judgment restoring good conduct credit would necessarily imply the invalidity of the prison's disciplinary action. Plaintiff filed a response to Defendant's motion to dismiss (Doc. 34). The Court has considered the parties' briefs and all

other relevant materials, and for the following reasons, Defendant's motion to dismiss is GRANTED.

## FACTS

Plaintiff's claim against Defendant stems from events that occurred while Plaintiff was incarcerated at Shawnee Correctional Center ("Shawnee") where Defendant was employed as a correctional officer. Prison officials were informed by a confidential source that Plaintiff had been involved in a physical altercation with another inmate, Michael Craig, on November 29, 2010 (Doc 1-1). Internal Affairs conducted an investigation into the possible physical altercation (Doc. 1-1). Plaintiff denied that there was an altercation (Doc. 1-1). However, as a result of the investigation, Defendant issued a Disciplinary Report against Plaintiff for fighting (Doc. 1-1).

On December 15, 2010, Plaintiff appeared before the adjustment committee for a hearing regarding the disciplinary report (Doc. 1-1). According to the adjustment committee's final summary report, Plaintiff pled guilty and explained that he and inmate Craig "had a misunderstanding about a game," and Plaintiff "swung at inmate Craig and Craig swung back" (Doc. 1-1). As punishment for fighting, Plaintiff received one month at C grade, one month of segregation, and revocation of one month of good conduct credit (Doc. 1-1).

## DISCUSSION

On a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff. *See* FED. R. CIV. P. 12(b)(6); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). A plaintiff need not set out all relevant facts or recite the law in his or her complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief. See FED. R. CIV. P. 8(a)(2).

Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

Defendant argues that Plaintiff's retaliation claim against him should be dismissed because it is barred by the Supreme Court's decision in *Heck v. Humphrey*. 512 U.S. 477, 478 (1994). In *Heck*, the Supreme Court held that a prisoner is barred from pursuing a § 1983 claim for damages based on allegations that necessarily implied the invalidity of his conviction or sentence, unless the conviction or sentence had already been invalidated in some other proceeding. *Heck*, 512 U.S. at 478. In *Edwards v. Balisok*, the Supreme Court extended the *Heck* ruling to include a § 1983 claim for damages regarding prison disciplinary actions. 520 U.S. 641 (1997). Thus, when a prisoner seeks damages based on allegations that imply the invalidity of a punishment effecting a prisoner's fact or duration of confinement, such as the loss of good time credits, the prisoner cannot proceed with a § 1983 claim until his disciplinary decision has been invalidated. *See Simpson v. Nickel,* 450 F.3d 303, 306–07 (7th Cir. 2006) (*Heck* and *Edwards* held "that a prisoner whose grievance implies the invalidity of ongoing custody must seek review by collateral attack).

The crux of Plaintiff's claim is that Defendant retaliated against Plaintiff for filing grievances by issuing a false disciplinary report (Doc. 1). Plaintiff seeks to restore the thirty days of good conduct credit that he lost as a result of Defendant's disciplinary report (Doc. 1). In order to find that the disciplinary report was invalid and Defendant issued it for improper reasons, the Court would necessarily have to find that the adjustment committee's subsequent finding that

Plaintiff was guilty of fighting and the punishment imposed against him were also invalid. In other words, Plaintiff's retaliation claim directly calls into question the validity of the disciplinary proceedings and his punishment—if he was not guilty of fighting, he should not have lost good time. Plaintiff has failed to demonstrate, however, that the disciplinary proceedings and the punishment were vacated or otherwise overturned. As a result, Plaintiff's retaliation claim against Defendant is presently barred under *Heck* and *Edwards*, and must be dismissed.

The Court further notes that Plaintiff cannot escape dismissal by claiming that he is not challenging the validity of the disciplinary proceedings and the punishment imposed against him. That is, assuming Plaintiff was only challenging the validity of the disciplinary report issued by Defendant, but otherwise acknowledged the legitimacy of the subsequent disciplinary proceedings, then Plaintiff's retaliation claim against Defendant would still be dismissed for failure to state a claim upon which relief can be granted. It is well-established that a prisoner can state a claim of retaliation by alleging that prison officials filed disciplinary charges based upon false allegations in retaliation for the prisoner's participation in grievances against prison officials. *See, e.g., Orebaugh v. Caspari,* 910 F.2d 526, 528 (8th Cir. 1990). However, "if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993); *Orebaugh,* 910 F.2d at 528 ("While a prisoner can state a claim of retaliation by alleging that disciplinary actions were based upon false allegations, no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform.")

Here, Plaintiff's claim that Defendant's disciplinary report was retaliatory in nature must

fail because Plaintiff testified that he did commit the acts of which he was accused. At the hearing in front of the adjustment committee, Plaintiff pled guilty to fighting and explained that he and inmate Craig "had a misunderstanding about a game," and Plaintiff "swung at inmate Craig and Craig swung back" (Doc. 1-1). Therefore, the disciplinary report was issued to Plaintiff for an actual violation of prison rules. Accordingly, Plaintiff's claim for retaliation against Defendant should be dismissed.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Defendant Rick Pearl (Doc. 27) is **GRANTED**. Defendant Rick Pearl is **DISMISSED** from this action with prejudice.

**IT IS SO ORDERED.**

DATED: April 23, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge